Requestor: Hon. Jay C. Carlisle, Chairman Public Advisory Council Temporary State Commission on Local Government Ethics 235 Mamaroneck Avenue White Plains, N.Y. 10605
Written by: Robert Abrams, Attorney General
Special Counsel to the Temporary State Commission on Local Government Ethics has asked whether the Commission's Public Advisory Council has the legal authority to conduct a meeting by means of a telephone conference call where each member can hear what his colleagues are saying and all other legal requirements for a duly held meeting have been satisfied. We are aware of nothing that would prohibit this practice when all members are within the State. We express no opinion as to whether the Council has the authority to conduct meetings by conference call if any member is participating in the conference call from outside the State.
The Council consists of five members, who are appointed by the Governor in the following manner: three in his sole discretion; one on the nomination of the Speaker of the Assembly; and one on the nomination of the Temporary President of the Senate. General Municipal Law § 813(17)(b). The members serve for four year terms concurrent with the term of the Governor. Id., § 813(17)(c). The Governor designates the chairman. The chairman or any three members may call a meeting. Ibid. Three members constitute a quorum and the Council may act only by a majority of its whole number. Id., § 813(17)(f).
The Ethics in Government Act specifically exempts the proceedings of the Council from the Open Meetings Law. Id., § 813(17)(j). The Executive Director of the Committee on Open Government has issued advisory opinions concluding that bodies subject to the Open Meetings Law may not conduct meetings by means of conference calls, primarily because such a procedure limits the ability of the public to observe the deliberations of the public body, contrary to the intent of the Open Meetings Law. See, e.g.,
Advisory Opinion No. 687, issued October 6, 1981. This concern is not relevant to the Council, which is not subject to the Open Meetings Law.
We also note that General Construction Law § 41 provides:
 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty."
This provision requires that the members of a body convene "at a meeting" where a quorum is present. The apparent purpose of this requirement is to ensure that the members can deliberate as a collective body. See, e.g.,Matter of Amity Holding Corporation v Eden, 238 A.D. 628 (2d Dept 1933). This purpose is fulfilled through a meeting whereby the members can freely discuss issues, deliberate and make decisions as a body. If this can be accomplished by telephone conference call, in our view that conference call constitutes a "meeting" consistent with the provisions of section 41 of the General Construction Law.
Therefore, we conclude that the Council, which is not subject to the provisions of the Open Meetings Law, may conduct its meetings by means of a conference call, assuming that all other requirements for a duly held meeting have been satisfied. We express no opinion as to whether the Council has the authority to conduct meetings by conference call if any member is participating in the conference call from outside the State.